JUDGE SWAIN

13 CV 4038

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
CARMEN NUNEZ

               Plaintiff,

               **COMPLAINT**

v.

KIRSCHENBAUM, PHILIPS & ROACH, PC;
ASSET ACCEPTANCE, LLC

               Defendant.
-------------------------------------------------------X

## INTRODUCTION

1. Plaintiff brings this action to secure redress from unlawful credit and collection practices engaged in by defendants Kirschenbaum, Philips & Roach, PC ("Kirschenbaum") and Asset Acceptance, LLC ("Asset"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements in connection with the collection of a debt. Collectors are also required to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331.

4. Venue and personal jurisdiction in this District are proper because:

    a. Plaintiff resides within this district;

    b. Defendant does business within this District.

5.  Defendant Kirschenbaum has offices located at 40 Daniel Street, Suite 7 in Farmingdale, NY 11735.

6.  Defendant Asset has an address of service as c/o CT Corporation System at 111 Eighth Ave. in New York, NY 10011.

7.  Defendants are each a "debt collector" as defined in the FDCPA.

8.  Asset is licensed by the New York City Department of Consumer Affairs as a debt collector.

9.  Kirschenbaum claims to be a debt collector on its website www.collectlaw.com.

10. Asset Acceptance also claims to be a debt collector on its website www.assetacceptance.com.

## FACTS

11. On May 20th 2013, Judge Lebovits of the Civil Court for the City of New York County of Bronx issued a decision in index number 32740/11, stating that Asset Acceptance represented by Kirschenbaum had brought an action against Carmen Nunez for a debt that had already been paid prior to the bringing of such lawsuit. See Exhibit A

12. Specifically, Asset Acceptance sued Carmen Nunez in 2011 in the Civil Court for the City of New York in Bronx County index number 32740/11 for an account that had already been paid in full on or around May 22, 2008.

13. Plaintiff did not learn about this lawsuit until on or about April 26th, 2013 because the process server who claimed to have served her submitted a false affidavit of service claiming to have served someone with a description at plaintiff's home that does not match the

description of anyone living with plaintiff. In other words, Plaintiff was a victim of sewer service.

14. Even though the statute of limitations for an FDCPA claim is one year from the illegal conduct, in this case the statute of limitations should be tolled because it was not through the fault of plaintiff that she did not find out about the lawsuit until recently. She did bring the lawsuit timely once she found out about the violation. In addition, the defendant concealed the lawsuit from plaintiff. *Sykes v. Mel Harris & Associates, LLC*, 757 F.Supp.2d 413.

15. The plaintiff was harmed as a result of this lawsuit by having her bank account frozen and having to spend countless hours trying to unfreeze the account and get back to the point where she should have been had it not been for the unlawful conduct of the defendants. She also suffered severe emotional distress.

16. The plaintiff Carmen Nunez is a "consumer" as defined by the FDCPA.

17. The lawsuit brought against Carmen Nunez is a "communication" as defined by the FDCPA.

18. In bringing the lawsuit against Carmen Nunez, Asset sought to collect a "debt" as defined by the FDCPA because the charges it attempted to collect arose from personal, family or household purposes and not from business purposes.

## VIOLATIONS ALLEGED

19. Defendants' conduct violates 15 U.S.C. §§1692d, e or f.

20. Plaintiff is entitled to statutory and actual damages pursuant to section "k" of the FDCPA

**WHEREFORE**, the Court should enter judgment in favor of plaintiff and against the defendant for:

(1) Statutory damages in an amount of $1,000, actual damages;

(2) Attorney's fees, litigation expenses and costs of suit;

(3) Such other and further relief as the Court deems proper.

Dated: New York, New York
June 11th, 2013

**The PLAINTIFF**

By: _____
Shimshon Wexler
The Law Offices of Shimshon Wexler, PC
Attorney for Plaintiff
PO Box 250870
New York, New York 10025
Tel: (212)760-2400
Fax: (917)512-6132
swexleresq@gmail.com

— EXHIBIT A —

**Civil Court of the City of New York**
County of _Bronx_
Part 34C

Index Number _32740/11_
Motion Cal. # _____ Motion Seq. # _____

Claimant(s)/Plaintiff(s)/Petitioner(s)
_Asset Acceptance LLC_

against

_Carmen Nunez_

Defendant(s)/Respondent(s)

[Stamp: Civil Court of the City of New York MAY 20 2013 ENTERED BRONX COUNTY]

**DECISION/ORDER**

Recitation, as required by CPLR §2219 (a), of the papers considered in the review of this Motion:

| Papers | Numbered |
|---|---|
| Notice of Motion and Affidavits Annexed……… | |
| Order to Show Cause and Affidavits Annexed….. | |
| Answering Affidavits …………………………… | |
| Replying Affidavits……………………………… | |
| Exhibits ………………………………………… | |
| Other……………………………………………. | |

Upon the foregoing cited papers, the Decision/Order on this Motion to _vacate judgment and dismiss action with prejudice_ is as follows:

The motion is granted. All liens and executions are hereby lifted. All monies garnished or taken shall be returned.

The underlying action was brought because of an "Elite Visa" account # ending in 1390. This debt was settled and paid in full on or around May 22, 2008. [See Attached.] Plaintiff brought suit in 2011 on an account that was already paid in full. This same action was brought in 2006 under index # 023336/06 and Plaintiff discontinued the action w/o prejudice.

Date: 5/20/13

Judge, Civil Court

HON. GERALD LEBOVITS

CIV-GP-85 (Revised, September, 1999)